UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ALEJANDRO VALENCIA PEREZ,

Petitioner,

v.

DAVID VENTURELLA, et al.,

Respondents.

No. 1:26-cv-08306-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

Petitioner is an immigration detainee proceeding *pro se* with an October 9, 2026 petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration detention or a bond hearing. (Doc. No. 2.) Thereafter, this court set a briefing schedule on that motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*) Respondents filed their opposition on October 14, 2026. (Doc. No. 6.) Respondents do not object to the court ruling on the habeas petition at this time (*id.* at 1), and the court will do so.

Petitioner states that he has been in this country for 20 years without inspection by immigration authorities and for the first time encountered immigration authorities when he was apprehended by ICE authorities in October 2026. (Doc. No. 1 at 7, Doc. 6 at 1.) Petitioner remains in immigration custody. Respondents concede that the only statutory basis for petitioner's current detention is 8 U.S.C. § 1226(a). (Doc. No. 6 at 2.) Respondents do not oppose the court ordering a post-deprivation bond hearing for petitioner. (*Id.*) However, for the reasons explained below, the court concludes that petitioner must be immediately release from immigration custody.

In support of ordering petitioner's immediate release, the court incorporates its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026), where the court concluded that the government's failure to comply with the procedures set forth in § 1226(a) rendered the petitioner's detention in that case unlawful and warranted the petitioner's immediate release. Here, there is no evidence before the court that respondents conducted an initial custody determination, that petitioner was ever provided an opportunity to demonstrate to an immigration officer that he would not pose a risk of flight or danger to the community if released, that petitioner was provided notice of the basis for his ongoing detention, or that a warrant for his arrest was even issued. Therefore, the court finds that respondents did not comply with the requirements of 8 U.S.C. § 1226(a) in their initial detention of petitioner. Accordingly, the court concludes that petitioner's initial detention was unlawful and that the appropriate remedy here is an order requiring petitioner's immediate release.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Jorge Alejandro Valencia Perez, A-File No. 240-174-834, from respondents' custody;

/////

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting petitioner habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE